**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KERKORIAN, | Case No. 2:20-cv-00950-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA DEPARTMENT OF CORRECTION, et al., | |
| Defendant. | |

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for a Preliminary Injunction. ECF No. 15. For the following reasons, the Court denies the motions.

### II. BACKGROUND

Plaintiff filed a complaint on May 27, 2020. ECF No. 1. On June 3, 2020, Plaintiff filed a motion for preliminary injunction and Defendants filed a response on June 12, 2020. ECF Nos. 15, 18. On July 8, 2020, this Court held an evidentiary hearing and deferred its decision on the motion for preliminary injunction. ECF No. 29. On August 21, 2020, Plaintiff filed an amended complaint and a motion to certify class. ECF Nos. 37, 39. On October 1, 2020, this Court denied the motion for class certification and ordered parties to file proposed discovery plans. ECF No. 51.  On October 26, 2020, Plaintiff Kerkorian was released from Nevada Department of Corrections ("NDOC") custody and paroled. ECF No. 63.

### III. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements:

"(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted). The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

**IV.     DISCUSSION**

The Court denies Plaintiff's motion because it finds that Plaintiff has failed to demonstrate he will likely suffer irreparable harm in the absence of preliminary relief.

At the time this action was commenced, Plaintiff was in custody at NDOC residing at Southern Desert Correctional Center. Plaintiff alleges that because Defendants are not following COVID-19 policies and guidelines, he is at risk of serious irreparable harm, including death from COVID-19, which is spreading in NDOC facilities. As of October 29, 2020, however, Plaintiff is no longer in NDOC custody and paroled. Because Plaintiff is no longer in custody, his basis of relief is moot. Therefore, this Court finds that the Plaintiff will not suffer any irreparable harm in the absence of the requested relief.[1]

---

[1] Because this Court finds that the Plaintiff failed to demonstrate irreparable harm, the Court does not need to determine Plaintiff's success on the merits.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Proposed Discovery Plan and Defendants' Motion in Opposition to Plaintiff's Discovery Plan (ECF Nos. 59, 62) are DENIED.

**IT IS FURTHER ORDERED** that given the fact that Plaintiff is no longer in custody, and all claims sought were only for injunctive relief, Plaintiff has 14 days to file a motion to amend the complaint or this case will be dismissed in its entirety without prejudice.

DATED: January 25, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**